IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Louise Legare Gardner, ) | Civil Action No. 9:12-1766-SB-BHH |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION AND ORDER OF THE COURT** |
| Litton Loan Servicing LP; Quicken Loans Inc; Mortgage Electronic Registration Systems; Does 1-20, *inclusive*; RK Arnold, *and-or her successor, individually, and in her official capacity as Pres-CEO of Mortgage Electronic Registration Systems*; and Deutsche Bank National Trust Company, ) | |
| Defendants. ) | |

This matter is before the Court on the defendants' motion for summary judgment and the defendants' motion for sanctions. [Doc. 59, 73.] The plaintiff has filed numerous documents and motions none of which portend to be a response to either motion. Two documents, styled "Affidavit of Truth and Facts with Motion for Accounting and or Quiet Title" [Doc. 83] and "Answer to Judge Order on Motions and Demand for Verified Motion . . . for the Court to Take Judicial Notice of the Securitization Audit . . ." [Doc. 75], are not summary judgment responses but make factual and legal arguments which the Court will accept as a response, as far as they go. The latter specifically seeks judicial notice of various factual details, which the Court would not do. The undersigned will, however, take that document, in conjunction with Document 83, as the plaintiff's view of those disputed factual matters and response to summary judgment.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

**APPLICABLE LAW**

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to

2

preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## **DISCUSSION**

The plaintiff in her Complaint and various filings says many, many things. She writes exhaustively about mortgage related transactions and lending law and the impermissibility of the defendants' conduct in various ways. Even still, it is not entirely clear what all she means. That being said, the plaintiff has identified concerns worth discussing, and the undersigned will attempt to do so as far as the record and filings permit. In her Complaint, the plaintiff has specified six "causes of action," – Declaratory Judgment, Accounting, Breach of Implied Covenant of Good Faith and Fair Dealing, Breach of Fiduciary Duty, Unjust Enrichment, and Unconscionability – but does not now frame any of her arguments or responses in light of them. The Court would summarize the plaintiff's colorable accusations as follows.

The plaintiff "believes and alleges that there are [sic] significant controversy and clouding of the title to the property and Mortgage, and motions their [sic] court to enter a judgment for a Quiet Title Action." (Compl. at 9.) She asks that all "parties" be required to provide "proof of claim against" the "Mortgage" at issue in this case. *Id.* Specifically, the plaintiff believes that there is no "evidence of transfer of ownership from the original lender to the Defendants" and, therefore, "the Defendants are not a real and beneficial party of interest." *Id.* It appears that Defendant Deutsche Bank foreclosed on the property which was subject to the mortgage. (Def. Ex. E.) The plaintiff appears to contend that Deutsche Bank, for errors in the original Mortgage and in its transfer, was not a proper holder in due

3

course of the Mortgage and related Note, such that it should not have rights in foreclosure against the subject property. The plaintiff is trying to stop foreclosure on her property.[1]

The defendant has added, and the undisputed evidence of record indicates, the following other useful context.

On July 24, 2006, the plaintiff executed an Adjustable Rate Note for $188,000.00 in favor of Defendant Quicken Loans, Inc. and a Mortgage securing repayment of same for her purchase of 1471 South Okatie Highway, Hardeeville, South Carolina (the "Property"). (Def. Exs. A & B.) The Mortgage identifies Defendant Mortgage Electronic Registration Systems (MERS) as the nominee for the original Lender, Quicken Loans, and Lender's successors and assigns. *See id.* MERS is identified expressly, therefore, as the "mortgagee under this Security Instrument." [Doc. 62-2 at 2.] The Mortgage was recorded in the land records of Jasper County as Document Number 200600003834, Volume 452, Pages 231-251. *See id.* On January 27, 2012, the Mortgage was assigned to Deutsche Bank, with the Assignment of Mortgage being recorded in the land records of Jasper County as Document Number 201200000648, Volume 822, Page 122. (Def. Ex. C.) In addition, the Note[2] was transferred from Quicken Loans to Deutsche Bank as evidenced by an endorsement. (See Def. Ex. A at 5.)

After the plaintiff defaulted on her mortgage payment, then loan servicer, Defendant Litton Loan Servicing, on behalf of Deutsche Bank, sent the plaintiff a default notice with an

---

[1] The Court has considered the applicability of the *Rooker-Feldman* doctrine, which might in certain cases weigh against consideration of matter that would bring into question a valid state foreclosure determination. *See In re Knapper*, 407 F.3d 573 (3d Cir.2005). Although not entirely clear, a search of state court records, however, suggests that the foreclosure proceeding is still pending. *Rooker-Feldman*, therefore, would likely be inapplicable. The parties have not suggested otherwise or raised any other abstention considerations.

[2] "A mortgage and a note are separate securities for the same debt, and a mortgagee who has a note and a mortgage to secure a debt has the option to either bring an action on the note or to pursue a foreclosure action." *U.S. Bank Trust Nat'l Ass'n v. Bell*, 684 S.E.2d 199, 204 (S.C. Ct. App. 2009).

intent to accelerate the balance on the loan. (See Def. Ex. D.) The plaintiff failed to cure the default, and on January 23, 2012, Deutsche Bank filed a foreclosure complaint against the plaintiff in the Court of Common Pleas of South Carolina, docket number 2012-CP-27-00052. (See Def. Ex. E.) While that matter was pending, the plaintiff filed her Complaint in the instant action, on June 27, 2012.

The plaintiff's allegations are not clear and, as the defendant complains, are made in an unconventional and not fully organized presentation. But, it appears that she believes the Mortgage was never properly executed and then improperly assigned or sold to Defendant Deutsche Bank, maybe without requisite notice to her. She may also mean that, to the extent Deutsche Bank purchased the loan and, thereby, paid off the original lender, Defendant Quicken Loans, her indebtedness is somehow extinguished.

Although the Court is not precisely sure how they fit into the legal claims of the plaintiff, there are some discrepancies in the evidence worth considering, in turn.

### *Execution of the Mortgage and Note*

The plaintiff argues that she never "entered into a legal agreement with alleged creditor/lender Quicken Loans Inc, who already admitted in writing 2011 letter and on a recent phone conversation that it was never a creditor or lender and never lent anything but had received conpensation [sic]." [Doc. 83 at 2.] The plaintiff seems to be referring first to the fact that she has a copy of the Adjustable Rate Note, which is not signed or "stamped" by Quicken Loans. [Doc. 83-1 at 8, Doc. 83 at 3, 4.] But, the defendant has produced an executed version of at least the Note, albeit in the endorsement to Deutsche Bank. [Doc. 62-1 at 2.]

More importantly, Quicken Loans' signature is unnecessary. So long as the mortgage and note are signed by the borrower and adequately describe the collateral, they are enforceable. S.C. Code 36-9-203(b)(3)(A); *see In re South Atlantic Packers Ass'n, Inc.*, 30 B.R. 836 (Bkrtcy. D.S.C. 1983); *see also Helms v. Certified Packaging Corp.*, 551 F.3d 675,

681 (7th Cir. 2008) (discussing comparable UCC provision). The plaintiff has not created issues of fact as to whether the Mortgage or Note were properly executed.

The plaintiff also emphasizes that Quicken Loans, itself, denies ever owning the Mortgage. Indeed, the plaintiff has submitted a letter, which states precisely this:

> Quicken Loans cannot provide you with any payoff information related to the two loans because Quicken Loans is not servicing either of these tow loans. In addition, Quicken Loans has no present interest in the mortgage (or the note) associated with loans originated by Quicken Loans.

[Doc. 83-1 at 1.] The letter, denying any interest or information as to the Mortgage, was dated August 9, 2011. But the defendant, and its record evidence, represents that the Mortgage was not assigned to Deutsche Bank, until January 27, 2012, (Def. Ex. C) and the Note transferred from Quicken Loans to Deutsche Bank as evidenced by an endorsement (see Def. Ex. A at 5). In other words, there is evidence that, at the time the plaintiff apparently requested the payoff amount and Quicken Loans denied any information about, or interest in, the Mortgage, Quicken Loans had not yet assigned the Mortgage to Deutsched.

The defendants do not address this potential discrepancy, as far as the Court can tell. The Court, however, is not convinced the evidence is material to any claim the plaintiff has actually pled. The plaintiff does not complain that she was refused a payoff quote. She simply contends that Quicken Loans has admitted to not having any interest in the Mortgage, which the plaintiff believes would nullify it and Deutsche's claim in foreclosure.

Under the Truth in Lending Act ("TILA") and associated regulations, it may be true that a private cause of action exists for a lender's failure to provide a payoff amount to a borrower when requested. *See* 12 C.F.R. 226.36(c)(1)(iii); *see also Montano v. Wells Fargo Bank, N.A.*, No. 12–80718, 2012 WL 5233653, at *6 (S.D. Fla. Oct. 23, 2012); Kievman v. Fed. National Mortg. Ass'n, 901 F. Supp. 2d 1348, No. 12–cv–22315, 2012 WL 5378036

(S.D.Fla. Sept. 14, 2012); *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of Fed. Reserve Sys.*, 773 F. Supp. 2d 151, 167–68 (D.D.C. 2011) (rejecting the argument that § 1639 only applied to high cost mortgages).

There are problems with viewing the plaintiff's case in this way. First, as stated, she has not pled any claim for a failure to provide a payoff amount. She does include some TILA discussion in her Complaint but, as with much of her filings, the allegations are generalized statements of alleged statutory obligations, which do not correspond to any particular conduct of the defendants. (See Compl. at 13-15.) In this instance, the plaintiff details certain lender obligations, under TILA, that various disclosures be made *prior* to the execution of any mortgage such that the putative borrower can make properly informed decisions about taking the loan. *See id.* As far as the Court can find in these, and the other 35, pages of the Complaint, there is no allegation that the plaintiff is suing for *a failure of any defendant to provide a payoff quote* under TILA or otherwise.

Secondly, the plaintiff does not make any such argument in her "responses" to summary judgment either. Rather, she neither references TILA nor any alleged failure to provide a payoff quote. She cites the above evidence – that Quicken never executed the Mortgage -- simply as proof that the Mortgage was never effective, to wit, it was not signed and Quicken Loans ostensibly agreed that it had no interest in the mortgage. She has not pled or made some payoff quote claim. She simply disagrees that the original Note and Mortgage were executed properly. As discussed, they were. She signed the Note and Mortgage and the property was adequately described.

The defendants have expressed significant difficulty in interpreting the plaintiff's intent, throughout this case. The Court, however, has been liberal to allow the plaintiff to continue, even over the defendants' motion for judgment on the pleadings and now when

7

the plaintiff has failed to make any serious and timely[3] response on summary judgment. The Court, therefore, would not read into, the already prolific, pleadings and filings to find a surprise claim, in the form of a TILA action for failure to make a payoff quote, that the plaintiff herself never earnestly argued.

Indeed, the true purpose of her many allegations seems plainly to contend that Deutsche Bank was not a proper holder of the Mortgage such that it had any right to foreclose. (See Compl. at 9,16-17.) The Court has already disagreed that the mortgage was defective in the first instance. The undersigned would now consider the plaintiff's second theory that MERS, the nominee and/or servicer of the loan, acted improperly such that the assignment of the loan to Deutsche should be considered void or ineffective. *See id.*

### *Transfer of Mortgage and Note*

The plaintiff's Complaint begins by alleging that there was "no evidence of transfer of ownership from the original lender to the Defendants" and, therefore, "the Defendants are not a real and beneficial party of interest." (Compl. at 9.) The plaintiff contends that the defendants, therefore, cannot now enforce the Mortgage and foreclose on the property. *Id*. More specifically, the plaintiff contends that MERS was simply the servicer of the loan and had no authority to assign it to Deutsche Bank. (Compl. at 17.)

The plaintiff relies on some authority. Namely, she has cited to a New York decision in *Bank of New York v. Silverberg*, 86 A.D.3d 274 (2011), in which the New York Supreme Court concluded that MERS had exceeded the authority conferred upon it by the lender, when it assigned certain underlying notes. The case involved a consolidation agreement,

---

[3] Even as the Court has been willing to construe certain of the plaintiff's filings as responses to summary judgment, at least one, Document 83, is untimely under the rules and no extension was granted. The Court would still accept it.

which gave MERS, as the lender's "nominee," the right to assign the mortgages themselves but did not specifically give MERS the right to assign the underlying notes. *Id.* at 280.

Here, in this present case, MERS effectuated the assignment of the Mortgage to Deutsche Bank, as the nominee of Quicken Loans. (Def. Ex. C.) As stated, MERS is identified, in the Mortgage, as the actual *mortgagee* [Doc. 62-2 at 2] and, therefore, holds all rights under the Mortgage. It cannot be said to have exceeded its authority, therefore. But, even viewed as the loan servicer, the plaintiff's argument fails, here.

The "Loan Servicer" is defined, in the mortgage document, as the "entity . . . that collects Periodic Payment due under the Note, and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument and performs other mortgage loan servicing obligatgions under the Note, this Security Instrument, and Applicable Law." (Doc. 62-2 at 12); *see also Bank of America, N.A. v. Draper*, 746 S.E.2d 478, 481 (S.C. App. 2013). The mortgage specifically states that the Note may be sold one or more times without prior notice to the borrower. More critically, the Mortgage states that the Loan Servicer, in this case potentially MERS, may perform all loan servicing obligations under the mortgage *and* the note. Unlike *Silverberg*, there is nothing in the mortgage document, or elsewhere that the plaintiff has produced, to suggest that MERS participation in the transfer of the Mortgage and/or Note to Deutsche, was somehow *ultra vires*. Indeed, the Note itself appears to have been endorsed over to Deutsche Bank by Quicken Loans, only, and not MERS. There is no indication, therefore, that any loan service entity attempted to even transfer the Note, as in *Silverberg*. Regardless, the Court believes MERS would have had the authority to, even if it had.

Most importantly, the South Carolina Court of Appeals has recently concluded that loan servicers are real parties in interest and able to initiate foreclosures. *See Bank of America, N.A. v. Draper*, 746 S.E.2d 478 (S.C. App. 2013). Of course, in this case, Deutsche Bank, and not MERS, initiated the foreclosure proceedings (Def. Ex. E), but the

case seems instructive. Although there is no decision directly on point, it would be a strange result for the loan servicer to be able to foreclose the property on behalf of a lender, under South Carolina law, but not be able to assign the underlying securities instruments, in a representative capacity and pursuant to the express terms of those instruments, themselves.

The plaintiff has created no issues of fact as to MERS participation in the transfer of the Mortgage or Note or otherwise raised any legal arguments that might persuade differently. The evidence is only capable of one interpretation: that MERS had authority to make the transfer and Deutsche Bank, therefore, properly held the Mortgage, which it is enforcing in foreclosure.

The defendant has actually taken the time to argue, in brief, the specific "causes of action" pled by the plaintiff, for Declaratory Judgment, Accounting, Breach of Implied Covenant of Good Faith and Fair Dealing, Breach of Fiduciary Duty, Unjust Enrichment, and Unconscionability. As the defendant contends, some of these claims are not causes of action but remedy. Regardless, the plaintiff, herself has not addressed any of these claims or attempted to frame her responses in a way that might show issues of fact as to them. She, therefore, has not met her burden under Federal Rule of Civil Procedure 56 to create genuine and material issues of fact as to elements of those purported claims. As above described, the Court has, even still, taken care to address what appears to be the intent of her charges. To that end, the Court has considered all of the allegations in the Complaint and various responses and concludes that items not directly addressed herein have been insufficiently pled or stated to justify any explanation.

None should survive; no reasonable jury could find for the plaintiff on any of her allegations, however, styled or stated.

*Motion for Sanctions*

The defendants have also requested sanctions for the plaintiff's repeated failure to make herself available for deposition, even over the Orders of this Court [see Docs. 49 & 68]. The plaintiff needs to understand that a serious monetary sanction would, indeed, be justified. The Court, however, would not impose one here. That being said, the undersigned reserves the right to reconsider sanction for this same conduct at a later time, and in light of additional malfeasance, if the district court rejects this recommendation.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is hereby RECOMMENDED that the defendants' motion for summary judgment [Doc.59] be GRANTED and the plaintiff's claims dismissed *with prejudice*. The defendants' motion for sanctions is DENIED.

IT IS SO RECOMMENDED AND ORDERED.

                                                      s/Bruce H. Hendricks
                                                     United States Magistrate Judge

October 24, 2013
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).