IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Louise Legare Gardner, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) ) |
| Litton Loan Servicing LP; Quicken Loans Inc.; Mortgage Electronic Registration Systems; RK Arnold, and-or her successor, individually, and in her official capacity as Pres-CEO of Mortgage Electronic Registration Systems; and Deutsche Bank National Trust Company, | ) Civil Action No. 9:12-1766-SB ) ) **ORDER** ) ) ) ) ) ) ) |
| Defendants. | ) ) |

This matter is before the Court upon the Plaintiff's pro se complaint, wherein she seeks a declaratory judgment and an accounting and she asserts claims for breach of the implied covenant of good faith and fair dealing and breach of fiduciary duty, all in an effort to stop foreclosure on her property. The Defendants filed a motion for summary judgment on April 15, 2013, and the matter was referred to a United States Magistrate Judge for preliminary review pursuant to Local Rule 73.02(B)(2)(a).

On April 24, 2013, United States Magistrate Judge Bruce H. Hendricks issued a report and recommendation ("R&R") analyzing the issues and recommending that the Court grant the Defendants' motion for summary judgment but deny the Defendants' request for sanctions. The Magistrate Judge took great care to consider the Plaintiff's claims despite their lack of clarity, and she determined that the mortgage at issue was not defective and that Deutsche Bank properly held the mortgage, which it is enforcing in

foreclosure. Ultimately, the Magistrate Judge determined that none of the Plaintiff's claims, however stated or styled, should survive summary judgment as no reasonable jury could find in her favor. Attached the R&R was a notice advising the Plaintiff of her right to file written, specific objections to the R&R within fourteen days of receiving a copy. On November 12, 2013, the Plaintiff filed a "notice of voluntary dismissal" seeking a dismissal of the action without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.[1] The Defendants filed a response in opposition asking that the Court adopt the R&R and end this matter with finality. On November 20, 2013, the Plaintiff filed a letter addressed to counsel defense counsel making allegations of unethical conduct and demanding the policy limits from all insurers. At this point, the Plaintiff has failed to file any written objections to the R&R, and the time for doing so has expired. See 28 U.S.C. § 636(b)(1) (stating that a party may serve and file written objections to an R&R within fourteen days of being served with a copy).

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific

---

[1] Rule 41(a) only permits a voluntary dismissal by a plaintiff without a court order (1) before the opposing party serves either an answer or motion for summary judgment or (2) when the stipulation of dismissal is signed by all parties who have appeared. Those circumstances do not apply here.

2

objections, the Court reviews the matter only for clear error. See <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court hereby **adopts the R&R** (Entry 92), and it is

**ORDERED** that the Defendants' motion for summary judgment is granted and the Plaintiff's claims are dismissed with prejudice. The Defendants' motion for sanctions is denied.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

November 25, 2013
Charleston, South Carolina

#3